1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@dgdk.com*
2  UZZI O. RAANAN (State Bar No. 162747)
   *uraanan@dgdk.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
4  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for R. Todd Neilson,
   Chapter 7 Trustee and Others Similarly Situated
7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     LOS ANGELES DIVISION

| | |
|---|---|
| 11  In re | ) Case No. 2:06-bk-11205-VZ |
| 12  DEATH ROW RECORDS, INC. | ) [Substantively consolidated with<br>) Case No. 2:06-11187-VZ] |
| 13          Debtor. | ) Chapter 7 |
| 14  _____ | ) |
|     In re | ) Adv. No.: |
| 15  | ) |
|     MARION "SUGE" KNIGHT, JR., | ) |
| 16  | ) CLASS ACTION AND COMPLAINT: |
|             Debtor. | ) |
| 17  _____ | ) 1. FOR TURNOVER OF ESTATE |
|     | )    PROPERTY AND FOR AN |
| 18  R. TODD NEILSON, SOLELY AS CHAPTER 7 | )    ACCOUNTING; |
|     TRUSTEE FOR THE SUBSTANTIVELY | ) 2. FOR WRONGFUL DENIAL OF |
| 19  CONSOLIDATED BANKRUPTCY ESTATE | )    CLAIMS UNDER CALIFORNIA |
|     OF MARION "SUGE" KNIGHT, JR. AND | )    CODE OF CIVIL PROCEDURE |
| 20  DEATH ROW RECORDS, INC., ON BEHALF | )    § 1540; |
|     OF HIMSELF AND OTHERS SIMILARLY | ) 3. TO AVOID AND RECOVER UNJUST |
| 21  SITUATED. | )    ENRICHMENT; |
|     | ) 4. FOR DAMAGES DUE TO |
| 22          Plaintiffs, | )    VIOLATIONS OF THE |
|     | )    AUTOMATIC STAY; |
| 23      v. | ) 5. FOR DECLARATORY RELIEF; |
|     | ) 6. FOR DISALLOWANCE OF PROOFS |
| 24  JOHN CHIANG, AS CALIFORNIA STATE | )    OF CLAIM; AND |
|     CONTROLLER, | ) 7. FOR INJUNCTIVE RELIEF |
| 25  | ) |
|     | ) Date:    [See Summons] |
| 26  | ) Time:    [See Summons] |
|     | ) Place:   Courtroom "1668" |
| 27           Defendant. | )          255 E. Temple Street |
|     | )          Los Angeles, CA |
| 28  _____ | |

-1-

358102.01 [XP]     25510

1    Plaintiff R. Todd Neilson, solely in his capacity as the Chapter 7 trustee ("Plaintiff" or the
2  "DRR Trustee") for the substantively consolidated bankruptcy estate of Marion "Suge" Knight, Jr.
3  (the "Knight Estate") and Death Row Records, Inc. (the "Death Row Estate," collectively the
4  "Consolidated Bankruptcy Estate" or the "Debtor"), on behalf of the Debtor's estate and all others
5  similarly situated and for their complaint alleges as follows:

## JURISDICTION AND CASE BACKGROUND

7    1.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§
8  157 and 1334.

9    2.  This action is commenced pursuant to Federal Rules of Bankruptcy Procedure 7001
10  and 7023, and 11 U.S.C. §§ 362, 502, 542, and 543, as well as California Code of Civil Procedure
11  § 1540.

12    3.  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (C), (E), and (O).

13    4.  On or about April 4, 2006 (the "Petition Date"), Marion "Suge" Knight, Jr. filed a
14  voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy
15  Code"), which case (the "Knight Case") is currently pending before the United States Bankruptcy
16  Court for the Central District of California (the "Bankruptcy Court"), Los Angeles Division. The
17  Knight Case was initially assigned case number 02:06-bk-11187-VZ, and Richard K. Diamond was
18  appointed as the Chapter 11 Trustee for the Knight Estate.

19    5.  On or about April 4, 2006, Death Row Records, Inc. ("Death Row") filed a
20  voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which case is currently
21  pending before the Los Angeles Division of the Bankruptcy Court, bearing case number 2:06-bk-
22  11205-VZ (the "Death Row Case"). R. Todd Neilson was appointed as the Chapter 11 Trustee for
23  the Death Row Estate.

24    6.  On January 30, 2009, the Bankruptcy Court entered an Order substantively
25  consolidating the Knight Case and Death Row Case (collectively the "Bankruptcy Case") with the
26  Death Row Case serving as the lead case. The two cases were substantively consolidated effective
27  as of February 5, 2009, and R. Todd Neilson was appointed as the Chapter 11 trustee for the
28  consolidated case.

-2-

358102.01 [XP]    25382510

7. On or about November 23, 2009, the Court entered an Order converting the Bankruptcy Case to a case under Chapter 7. R. Todd Neilson is the duly appointed, qualified, and acting Chapter 7 Trustee in the Bankruptcy Case.

### THE PARTIES

8. Plaintiff brings this action solely in his capacity as the Chapter 7 Trustee for the Debtors' estate, and on behalf of a proposed class (the "Class") consisting of all bankruptcy trustees who previously filed or will in the future file claims with the State of California on behalf of the bankruptcy estates of debtors whose property escheated to the State prior to the filing of their respective bankruptcy cases, and which claims were rejected by the Controller on the grounds that such property is not property of the bankruptcy estates under 11 U.S.C. section 541 and that said bankruptcy trustees lack the authority to file claims under California Code of Civil Procedure ("CCP") Section 1540. The Plaintiff has standing to bring this action, as he is a member of the Class by virtue of the fact that he possesses the same type of interest and has suffered the same types of injuries as the other members of the Class.

9. Defendant John Chiang (the "Controller" or "Defendant") is being sued solely in his capacity as California State Controller.

### GENERAL ALLEGATIONS

10. Under the Unclaimed Property Law (the "Law"), codified in California under CCP Sections 1500 et al., certain types of unclaimed property held by individuals or entities on behalf of others for at least three years escheat to the State of California, for safekeeping and administration.

11. According CCP Section 1501.5, it "is the intent of the Legislature that property owners be reunited with their property."

12. Section 1501.5 further states that property received by the State of California (the "State") pursuant to the Law, "shall not permanently escheat to the state." In fact, CCP Section 1560 states that the Controller shall assume custody of the funds escheated to the State as a result of the Law, and shall be responsible for the safekeeping of the property.

-3-

358102.01 [XP]    25382510

13. All funds received by the State pursuant to the Law must be deposited in the Unclaimed Property Fund, in an account designated as "Abandoned Property."

14. Under Section 1540 of the Law, "Any person, excluding another state, who claims an interest in property paid or delivered to the Controller under this chapter may file a claim to the property or to the net proceeds from its sale. The claim shall be on a form prescribed by the Controller and shall be verified by the claimant."

15. In the event a claim filed pursuant to CCP Section 1540 is denied by the Controller, under Section 1541, "Any person aggrieved by a decision of the Controller" with regard to a claim for return of escheated property may file an action within 90 days after the Controller's decision, naming the Controller as defendant, challenging the Controller's decision. This action is tried without a jury.

16. Section 1501 of the Law defines "Person" to mean "any individual, business association, government or governmental subdivision or agency, two or more persons having a joint or common interest, or any other legal or commercial entity, whether that person is acting in his or her own right or in a representative or fiduciary capacity."

## INDIVIDUALS ALLEGATIONS OF CLASS ACTION REPRESENTATIVE

17. On March 11, 2009, the Plaintiff in the Bankruptcy Case sent the Unclaimed Property Division of the State of California a claim for payment using the Controller's form (the "DRR Claim") of various escheated funds held by the State on behalf of Marion Knight, Jr. and Death Row Records, Inc.

18. The Controller's property identification nos. listed in the DRR Claim were:

**Death Row Records:**

| ID No. | Amount |
| --- | --- |
| 015131890 | $450.00 |
| 015120462 | $252.18 |
| 015873211 | $1,178.08 |
| 015131975 | $1,000.00 |
| 015131931 | $125.00 |
| 015131955 | $2,966.84 |
| 018435694 | $151.00 |
| 015131979 | $1,000.00 |

-4-

**Marion Knight, Jr.:**

| ID No. | Amount |
|---|---|
| 018010912 | $50.00 |
| 018292831 | $765.83 |
| 018487994 | $143.12 |
| 005145121 | $754.55 |
| 013658528 | $575.00 |
| 013723346 | $243.33 |
| 017350511 | $404.87 |
| 954800172 | $106.64 |
| **Total of Claims:** | **$10,166.44** |

19. In a letter dated May 26, 2010, within 90 days of the filling of this action, the Controller informed the Plaintiff that the DRR Claim had been rejected. According to the Controller, "It is the long-standing position of [the Controller] that once unclaimed property has escheated to the State of California, it is not subject to claims by bankruptcy trustees claiming on behalf of a bankruptcy estate or debtor." According to the Controller, the funds in question escheated to the State before the April 4, 2006, Petition Date and, therefore, legal and equitable title in the funds vested in the State subject to divestment of such title by the assets' former owners only, namely by the individual bankruptcy debtors.

20. According to the Controller, "once the property vests in the State of California, only the former owner can claim the property." The Controller has therefore adopted the general policy that funds escheated to the State prior to the filing of a bankruptcy case are never property of the debtor at the time his bankruptcy is filed, and therefore not the property of the debtor's bankruptcy estate under 11 U.S.C. section 541. Pursuant to this policy, the Controller has denied and continues to deny claims for escheated property made by bankruptcy trustees, including the Plaintiff.

**CLASS ACTION ALLEGATIONS**

21. This class action is alleged under Federal Rule of Civil Procedure 23(b)(1)(A), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7023, in that prosecuting separate actions by bankruptcy trustees against the Controller would create the risk of inconsistent or varying adjudications with respect to individual class members that would result in incompatible standards of conduct by the Controller.

-5-

22. This class action is further alleged under Federal Rule of Civil Procedure 23(b)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7023, in that the Controller has acted or refused to act on grounds that apply generally to the class of all bankruptcy trustees, so that final relief, including without limitation injunctive relief and declaratory relief, is appropriate with respect to the Class as a whole.

23. This class action is further alleged under Federal Rule of Civil Procedure 23(b)(3), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7023, in that questions of law and fact common to the Class members predominate over any questions affecting only individual members, and therefore a class action is superior to other actions available for fairly and efficiently adjudicating the controversy at hand.

24. The class proposed in this action is defined as follows: all bankruptcy trustees who previously filed, or will file in the future, claims with the State of California on behalf of the bankruptcy estates of debtors whose property escheated to the State prior to the filing of their respective bankruptcy cases, and which claims were rejected by the Controller on the grounds that such property is not property of the bankruptcy estates under 11 U.S.C. section 541.

25. The Plaintiff is informed and believes, and based thereon alleges, that the approximate size of the proposed class exceeds 100. The proposed class members are located all over the State of California, and potentially outside the State, so that its numbers and geographic locations make their joinder in this action impracticable. Moreover, the amount of money involved in a typical claim made by members of the Class is such that it may not be economic for members of the Class to independently challenge the Controller's policy under CCP Section 1541. This proceeding is also brought for the benefit of future class members, who will receive direct benefit as a result of this class action.

26. The Plaintiff and his counsel will fairly and adequately protect the interests of the proposed Class. The Plaintiff's interests in this action are similar to the interests of the other Class members, in that both the Plaintiff and other Class members seek payment of funds of bankruptcy debtors whose property escheated to the State prior to the filing of their bankruptcy cases, and which the Controller refuses, has previously refused, or will in the future refuse, to turnover to the

-6-

Class members. The Plaintiff's counsel is qualified, experienced and able to conduct litigation of this class action proceeding. Members of Danning, Gill, Diamond & Kollitz, LLP ("Danning-Gill") have practiced in the bankruptcy courts for many years. Danning-Gill has handled virtually every type of matter that may arise in the context of a bankruptcy case, including numerous cases in which questions arose as to the nature and extent of estate property under 11 U.S.C. section 541. Danning-Gill has been retained as the attorneys for trustees in thousands of different cases. Other lawyers and law firms often refer cases to Danning-Gill because of its reputation as a "bankruptcy firm" with expertise in bankruptcy matters. The Plaintiff believes that Danning-Gill has the resources to provide quality representation to the Plaintiff and the Class.

27. There are also questions of law and fact that are common to the members of the Class. All of the proposed class members, including the Plaintiff, are bankruptcy trustees who previously filed, or in the future will file, claims with the State of California for payment of funds that had escheated or will escheat to the State prior to the filing of the respective bankruptcies in which they were appointed as trustees. The Controller denied all of these claims, based on the general policy that funds escheating to the State prior to the filing of a bankruptcy case are never property of the bankruptcy estate, therefore depriving the Class members of the funds.

28. The legal issues to be decided by this adversary proceeding affect all members of the Class; namely this proceeding seeks a determination that a bankruptcy debtor's property that escheated to the State pre-petition is property of the debtor's bankruptcy estate under 11 U.S.C. Section 541.

29. The claims and defenses to be advanced by the Plaintiff in this adversary proceeding are typical of the claims and defenses of the other members of the proposed class. Other than the amount of each individual claim alleged by each Class member, the legal and factual issues alleged by the Plaintiff arise from the same event or course of conduct by the Controller as those arising with regard to the other members of the Class.

30. The Plaintiff contemplates giving notice to all known Class members by sending them a written notice of this adversary proceeding.

# FIRST CLAIM FOR RELIEF

## [Turnover of Estate Assets and an Accounting]

## [11 U.S.C. § 543]

31. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

32. Plaintiff is informed and believes, and based thereon alleges, that the Controller holds property belonging to the various members of the Class, including but not limited to at least $10,166.44 (the "DRR Claim Amount") belonging to the Knight Estate and Death Row Estate, and which escheated to the State prior to the filings of the various bankruptcy cases in which members of the Class are, were, or will be bankruptcy trustees.

33. The funds held by the Controller on behalf of the various bankruptcy debtors, including the DRR Claim Amount, are property of the respective bankruptcy estates of the proposed class members, in that the respective debtors had legal and/or equitable interests in the property as of the respective petition dates.

34. The Class members, including the DRR Trustee, made demands for turnover of the escheated property, including the DRR Claim Amount, pursuant to 11 U.S.C. Section 543.

35. The DRR Trustee is informed and believes, and based thereon alleges, that in response to each of the claims filed by the proposed class members, including with regard to the DRR Claim, the Controller rejected the claims on the grounds that the property in question was not property of the respective bankruptcy estates.

36. Plaintiff is informed and believes, and based thereon alleges, that the Controller is a custodian of the escheated funds in question, with knowledge of the commencement of the bankruptcy cases in which the proposed class members are trustees.

37. By reason of the foregoing, pursuant to section 543 of the Code, Plaintiff, as representative of the proposed class, may recover the escheated property held by the Controller on behalf of the Class members, including the DRR Trustee, plus interest thereon at the legal rate, from the dates the Trustee denied the claims made by Class members. Additionally, the Custodian must provide the Plaintiff a full accounting of all property he holds on behalf of the Class.

## SECOND CLAIM FOR RELIEF

### [Turnover of Estate Assets]

### [11 U.S.C. § 542]

38. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 35, inclusive, of this Complaint.

39. The proposed class members, including the DRR Trustee, made demands for turnover of the escheated property in question, including the DRR Claim Amount, pursuant to 11 U.S.C. Section 542.

40. By reason of the foregoing, pursuant to section 542 of the Code, Plaintiff, as representative of the proposed class, may recover the escheated property held by the Controller on behalf of the respective Class members, plus interest thereon at the legal rate, from the dates the Trustee denied the claims made by Class members.

## THIRD CLAIM FOR RELIEF

### [For Wrongful Denial of Claim]

### [California Code of Civil Procedure § 1540]

41. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 40, inclusive, of this Complaint.

42. The Plaintiff and members of the proposed class have made or will make in the future pursuant to CCP Section 1540, legitimate claims to escheated property held by the Controller.

43. The escheated property is clearly property of the bankruptcy estates represented by the respective Class members, including the DRR Claim Amount as to the Plaintiff.

44. By reason of the foregoing, pursuant to CCP Section 1540, the Class members, including the DRR Trustee, are entitled to receive the escheated property that is property of their respective bankruptcy cases, including the DRR Claim Amount.

358102.01 [XP]    25382510

## FOURTH CLAIM FOR RELIEF

### [To Avoid And Recover Unjust Enrichment]

45. Plaintiff refers to and by this reference incorporates and alleges herein each and all of the allegations set forth in Paragraphs 1 through 44, inclusive, of this Complaint.

46. Plaintiff is informed and believes, and based thereon alleges, that as a result of the Controller's refusal to repay the escheated property to the respective Class members, including the Plaintiff, the Controller and the State of California have been unjustly enriched, so that the Plaintiff and the other Class members are entitled to recover from the Controller, in sums according to proof, plus interest thereon at the legal rate, from the dates the Trustee denied the claims made by Class members.

## FIFTH CLAIM FOR RELIEF

### [For Violation of the Automatic Stay]

### [11 U.S.C. § 362]

47. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

48. The Plaintiff is informed and believes, and based thereon alleges, that the Controller's denial of claims made by the Class members, including the Plaintiff, for return of escheated property to their respective bankruptcy estates are willful violations of the automatic bankruptcy stays in the respective bankruptcy cases, under 11 U.S.C. section 362.

49. By reason of the foregoing, Plaintiff and the other Class members may recover actual damages and sanctions, including costs and attorney fees, incurred to bring the present action, and seek an injunction against the Controller from future violation of the automatic bankruptcy stays as a result of his enforcement of the policy of denying claims for escheated property filed by bankruptcy trustees.

///
///
///
///

358102.01 [XP]    25382510

## SIXTH CLAIM FOR RELIEF

### [For Declaratory Relief]

50. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

51. An actual dispute has arisen in that the Class members allege that property escheated to the State prior to a debtor's bankruptcy filing remains property of the estate under Section 541 of the Code, and therefore must be turned over by the Controller to the Class members upon receipt of claims properly filed pursuant to CCP Section 1540. The Controller argues that such property is not property of the respective bankruptcy estates, under Section 541 of the Code, and refuses to turn over the escheated property to its former owners' respective bankruptcy estates.

52. This Complaint for declaratory relief is necessary and appropriate so that members of the Class can get a determination as to whether the escheated property in question is property of their respective bankruptcy estates, and therefore subject to administration by the bankruptcy trustees in their respective cases.

## SEVENTH CLAIM FOR RELIEF

### [For Disallowance of Claim]

53. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

54. To the extent the State of California, or any of its agencies or subdivisions, holds secured, unsecured and/or administrative claim(s) against the estates of members of the Class, including the Debtor's bankruptcy estate, such claim(s) should be disallowed, pursuant to Section 502(d) of the Code, to the extent the claim(s) is recoverable under section 550, or that the State is a transferee under Sections 542 and/or 543 of the Code, including but not limited to Proofs of Claim Nos. 4, 9, 45, 47, and 48 filed by the California Franchise Tax Board ("FTB") in the Death Row Case and Proofs of Claim No. 7 filed by the FTB in the Knight Case, unless and until the Controller has paid the amount for which the State is liable under Section 542 and/or 543 of the Code.

-11-

## EIGHTH CLAIM FOR RELIEF

### [For Injunctive Relief]

55. Plaintiff refers to and by this reference incorporates and alleges herein each and all of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

56. Plaintiff is informed and believes, and based thereon alleges, that the Controller continues to deny claims made by bankruptcy trustees for property escheated to the State prior to the filing of their respective bankruptcy cases.

57. Were the Controller allowed to continue denying of such claims, there is a likelihood that many members of the proposed class will never be able to recover their estate's property from the Controller, as their bankruptcy cases will be closed and it will no longer be economically feasible for them to administer such assets when ultimately recovered from the Controller.

58. As a result, the Class members' remedies at law are inadequate, necessitating that the Court issue a Temporary Restraining Order, Preliminary Injunction, and a Permanent Injunction against the Controller, forbidding him from following the policy of refusing to pay claims made by bankruptcy trustees for property that had escheated to the State prior to their respective bankruptcy filing dates.

59. The balancing of any hardship weighs overwhelmingly in favor of the Class members and the issuance of a preliminary injunction against the Controller.

60. The issuance of injunctive relief against the Controller furthers the public interest of allowing bankruptcy trustees to fulfill their fiduciary duties to marshal assets of the bankruptcy estates, for the benefit of creditors.

61. Accordingly, good cause exists for entry of temporary, preliminary, and permanent injunctive relief to restrain and enjoin the Controller's policy of refusing to pay claims made by bankruptcy trustees for property that has escheated to the State prior to the respective bankruptcy petition dates.

358102.01 [XP]    25382510

**WHEREFORE**, the Plaintiff prays for judgment against Defendant John Chiang, in his capacity as State of California Controller, and in favor of the Plaintiff and the other proposed Class members, as follows:

On the First Claim for Relief:

1. For payment by the Controller of all claims previously filed by members of the proposed Class, including the Plaintiff, which were denied by the Controller based on the Controller's policy of denying claims on the grounds that property that escheated to the State prior to the filing of a bankruptcy case is not property of the debtor's bankruptcy estate, and/or that bankruptcy trustees lack the authority to make claims thereto, plus interest thereon at the legal rate, from the dates the Trustee denied the claims made by Class members;

2. For a full accounting of the escheated property held by the Controller on behalf of bankruptcy estates in which the proposed class members are trustees.

On the Second and Third Claims for Relief:

3. For payment by the Controller of all claims previously filed by members of the proposed Class, including the Plaintiff, and which were denied by the Controller based on the Controller's policy of denying claims on the grounds that property that escheated to the State prior to the filing of a bankruptcy case is not property of the debtor's bankruptcy estate, and/or that bankruptcy trustees lack the authority to make claims thereto;

On the Fourth Claim for Relief:

4. That the proposed Class members, including the Plaintiff, recover the amount of the unjust enrichment received by the Controller and/or the State of California, plus interest thereon at the legal rate, from the dates the Trustee denied the claims made by Class members;

On the Fifth Claim for Relief:

5. That the Controller pay the actual damages incurred by the Class members, including the Plaintiff, to bring and litigate this action, including costs and attorney fees, plus interest thereon at the legal rate, from the dates the Trustee denied the claims made by Class members.

358102.01 [XP]    25382510

On the Sixth Claim for Relief:

6. Declaring that property that escheated to the State prior to the filing of a bankruptcy case is still property of the debtor's bankruptcy estate, and therefore bankruptcy trustees may file claims on their estates' behalves for payment of property that had previously escheated to the State.

On the Seventh Claim for Relief:

7. That any secured, unsecured and/or administrative claim(s) against the estates of members of the proposed Class, including the Debtor's Bankruptcy Estate, filed by the State of California or any of its agencies or subdivisions, including but not limited to Proofs of Claim Nos. 4, 9, 45, 47, and 48 filed by the FTB in the Death Row Case and Proofs of Claim No. 7 filed by the FTB in the Knight Case, be disallowed pursuant to Section 502(d).

On the Eighth Claim for Relief:

8. That the Controller be restrained and enjoined from refusing to pay claims made by bankruptcy trustees for property that had escheated to the State prior to the respective bankruptcy petition dates;

9. That the Controller be enjoined from arguing that property that has escheated to the State prior to the filing of a bankruptcy case is not property of the estate under Section 541 of the Code, and/or that bankruptcy trustees lack the authority to make claims thereto;

As to All Claims for Relief:

10. That the Court determine that this action may be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure and that Plaintiff be certified as a Class Representatives and their attorneys as Class Counsel;

11. For costs of suit incurred;

12. For reasonable attorneys' fees incurred herein based on California Code of Civil Procedure Section 1021.5, and other applicable law or rule; and

///

///

///

///

-14-

358102.01 [XP]    25382510

13. For such other and further relief as the Court may deed just and proper.

Dated: August ___25___, 2010   DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: ___/s/ Uzzi O. Raanan___
Uzzi O. Raanan
Attorneys for R. Todd Neilson,
Chapter 7 Trustee and Others Similarly Situated

358102.01 [XP]   25382510

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>R. TODD NEILSON, SOLELY AS CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY ESTATE OF MARION "SUGE" KNIGHT, JR. AND DEATH ROW RECORDS, INC. ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED | **DEFENDANTS**<br>JOHN CHIANG AS CALIFORNIA STATE CONTROLLER |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Uzzi O. Raanan<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>310 277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
CLASS ACTION AND COMPLAINT FOR TURNOVER OF ESTATE PROPERTY AND FOR AN ACCOUNTING; FOR WRONGFUL DENIAL OF CLAIMS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1540; TO AVOID AND RECOVER UNJUST ENRICHMENT; FOR DAMAGES DUE TO VIOLATIONS OF THE AUTOMATIC STAY; FOR DECLARATORY RELIEF; FOR DISALLOWANCE OF PROOFS OF CLAIM; AND FOR INJUNCTIVE RELIEF

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☒ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ to be determined |

**Other Relief Sought**

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>DEATH ROW RECORDS, INC./MARION KNIGHT, JR | | BANKRUPTCY CASE NO.<br>2:06-11205-VZ | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | | NAME OF JUDGE<br>Vincent P. Zurzolo |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | |
|---|---|
| DATE<br>8/25/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Uzzi O. Raanan |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Eric P. Israel (State Bar No. 132426)<br>Uzzi O. Raanan (State Bar No. 162747)<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>(310) 277-0077    Fax: (310) 277-5735<br><br>*Attorney for Plaintiff* R. Todd Neilson, Ch. 7 Trustee and Others<br>Similarly Situated | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: DEATH ROW RECORDS, INC./MARION "SUGE" KNIGHT, JR. | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:06-11205-VZ |
| Debtor. | ADVERSARY NUMBER |
| R. TODD NEILSON, SOLELY AS CHAPTER 7 TRUSTEE FOR THE SUBSTANTIALLY CONSOLIDATED BANKRUPTCY ESTATE OF MARION "SUGE" KNIGHT, JR., et al.<br>Plaintiff(s),<br>vs.<br>JOHN CHIANG, AS CALIFORNIA STATE CONTROLLER<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| [X] 255 East Temple Street, Los Angeles | | [ ] 411 West Fourth Street, Santa Ana | |
| [ ] 21041 Burbank Boulevard, Woodland Hills | | [ ] 1415 State Street, Santa Barbara | |
| [ ] 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*

**F 7004-1**
F70041