1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@dgdk.com*
2  UZZI O. RAANAN (State Bar No. 162747)
   *uraanan@dgdk.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
4  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiffs R. Todd Neilson,
   Chapter 7 Trustee and Others Similarly Situated
7

8  UNITED STATES BANKRUPTCY COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10 LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:06-bk-11205-VZ |
| DEATH ROW RECORDS, INC. | [Substantively consolidated with Case No. 2:06-11187-VZ] |
| Debtor. | Chapter 7 |
| In re | Adv. No.: 2:10-ap-02574-VZ |
| MARION "SUGE" KNIGHT, JR., | |
| Debtor. | **FIRST AMENDED CLASS ACTION AND COMPLAINT:** |
| R. TODD NEILSON, SOLELY AS CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY ESTATE OF MARION "SUGE" KNIGHT, JR. AND DEATH ROW RECORDS, INC., ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED. | 1. **FOR TURNOVER OF ESTATE PROPERTY AND FOR AN ACCOUNTING;**<br>2. **FOR WRONGFUL DENIAL OF CLAIMS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 1540;**<br>3. **TO AVOID AND RECOVER UNJUST ENRICHMENT;** |
| Plaintiffs, | 4. **FOR DAMAGES DUE TO VIOLATION OF THE AUTOMATIC STAY;** |
| v. | 5. **FOR DECLARATORY RELIEF; AND** |
| JOHN CHIANG, AS CALIFORNIA STATE CONTROLLER, | 6. **FOR INJUNCTIVE RELIEF**<br><br>**Status Conference:**<br>Date: October 28, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom "1368"<br>255 E. Temple Street<br>Los Angeles, CA |
| Defendant. | |

-1-

358709 [XP]    25510

Plaintiff R. Todd Neilson, solely in his capacity as the Chapter 7 trustee ("Plaintiff" or the "DRR Trustee") for the substantively consolidated bankruptcy estate of Marion "Suge" Knight, Jr. (the "Knight Estate") and Death Row Records, Inc. (the "Death Row Estate," collectively the "Consolidated Bankruptcy Estate" or the "Debtor"), on behalf of the Debtor's estate and all others similarly situated and for their complaint alleges as follows:

## JURISDICTION AND CASE BACKGROUND

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This action is commenced pursuant to Federal Rules of Bankruptcy Procedure 7001 and 7023, and 11 U.S.C. §§ 362, 542, and 543, as well as California Code of Civil Procedure § 1540.

3. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (G) and (O).

4. On or about April 4, 2006 (the "Petition Date"), Marion "Suge" Knight, Jr. filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which case (the "Knight Case") is currently pending before the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Los Angeles Division. The Knight Case was initially assigned case number 2:06-bk-11187-VZ, and Richard K. Diamond eventually was appointed as the Chapter 11 Trustee for the Knight Estate.

5. On or about April 4, 2006, Death Row Records, Inc. ("Death Row") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which case is currently pending before the Los Angeles Division of the Bankruptcy Court, bearing case number 2:06-bk-11205-VZ (the "Death Row Case"). R. Todd Neilson was appointed as the Chapter 11 Trustee for the Death Row Estate.

6. On January 30, 2009, the Bankruptcy Court entered an Order substantively consolidating the Knight Case and Death Row Case (collectively the "Bankruptcy Case") with the Death Row Case serving as the lead case. The two cases were substantively consolidated effective as of February 5, 2009, and R. Todd Neilson was appointed as the Chapter 11 trustee for the consolidated case.

358709 [XP]    25510

7. On or about November 23, 2009, the Court entered an Order converting the Bankruptcy Case to a case under Chapter 7. R. Todd Neilson accepted appointment as the Chapter 7 Trustee for the Bankruptcy Case and continues to serve in that capacity.

## THE PARTIES

8. Plaintiff brings this action solely in his capacity as the Chapter 7 Trustee for the Debtors' estate, and on behalf of a proposed class (the "Class") consisting of all bankruptcy trustees who previously filed, could have filed, or will in the future file claims with the State of California on behalf of the bankruptcy estates of debtors whose property escheated to the State prior to the filing of the bankruptcy petitions commencing their respective bankruptcy cases, and which claims were rejected by the Controller on the grounds that such property is not property of the bankruptcy estates under 11 U.S.C. section 541 and/or that said bankruptcy trustees lack the authority to file claims under California Code of Civil Procedure ("CCP") Section 1540. The Plaintiff has standing to bring this action, as he is a member of the Class by virtue of the fact that he possesses the same type of interest and has suffered the same types of injuries as the other members of the Class.

9. Defendant John Chiang (the "Controller" or "Defendant") is being sued solely in his capacity as California State Controller.

## GENERAL ALLEGATIONS

10. Under the Unclaimed Property Law (the "Law"), codified in California under CCP Sections 1500 et al., certain types of unclaimed property held by individuals or entities on behalf of others for at least three years escheat to the State of California, for safekeeping and administration.

11. According to CCP Section 1501.5, it "is the intent of the Legislature that property owners be reunited with their property."

12. Section 1501.5 further states that property received by the State of California (the "State") pursuant to the Law, "shall not permanently escheat to the state." In fact, CCP Section 1560 states that the Controller shall assume custody of the funds escheated to the State as a result of the Law, and shall be responsible for the safekeeping of the property.

13. All funds received by the State pursuant to the Law must be deposited in the Unclaimed Property Fund, in an account designated as "Abandoned Property."

-3-

358709 [XP]    25510

14. Under Section 1540 of the Law, "Any person, excluding another state, who claims an interest in property paid or delivered to the Controller under this chapter may file a claim to the property or to the net proceeds from its sale. The claim shall be on a form prescribed by the Controller and shall be verified by the claimant."

15. In the event a claim filed pursuant to CCP Section 1540 is denied by the Controller, under Section 1541, "Any person aggrieved by a decision of the Controller" with regard to a claim for return of escheated property may file an action within 90 days after the Controller's decision, naming the Controller as defendant, challenging the Controller's decision. This action is tried without a jury.

16. Section 1501 of the Law defines "Person" to mean "any individual, business association, government or governmental subdivision or agency, two or more persons having a joint or common interest, or any other legal or commercial entity, whether that person is acting in his or her own right or in a representative or fiduciary capacity."

**INDIVIDUAL ALLEGATIONS OF CLASS ACTION REPRESENTATIVE**

17. On March 11, 2009, the Plaintiff in the Bankruptcy Case, using the Controller's form, sent the Unclaimed Property Division of the State of California a claim for payment (the "DRR Claim") of various escheated funds held by the State on behalf of Marion Knight, Jr. and Death Row Records, Inc.

18. The Controller's property identification nos. listed in the DRR Claim were:

**Death Row Records:**

| ID No. | Amount |
|---|---|
| 015131890 | $450.00 |
| 015120462 | $252.18 |
| 015873211 | $1,178.08 |
| 015131975 | $1,000.00 |
| 015131931 | $125.00 |
| 015131955 | $2,966.84 |
| 018435694 | $151.00 |
| 015131979 | $1,000.00 |

**Marion Knight, Jr.:**

| ID No. | Amount |
|---|---|
| 018010912 | $50.00 |
| 018292831 | $765.83 |
| 018487994 | $143.12 |
| 005145121 | $754.55 |

-4-

358709 [XP]    25510

| | | |
|---|---|---|
| 1 | 013658528 | $575.00 |
| | 013723346 | $243.33 |
| 2 | 017350511 | $404.87 |
| | 954800172 | $106.64 |
| 3 | **Total of Claims:** | **$10,166.44** |

19. In a letter dated May 26, 2010, within 90 days of the filling of this action, the Controller informed the Plaintiff that the DRR Claim had been rejected. According to the Controller, "It is the long-standing position of [the Controller] that once unclaimed property has escheated to the State of California, it is not subject to claims by bankruptcy trustees claiming on behalf of a bankruptcy estate or debtor." According to the Controller, the funds in question escheated to the State before the April 4, 2006 Petition Date and, therefore, legal and equitable title in the funds vested in the State subject to divestment of such title by the assets' former owners only, namely by the individual bankruptcy debtors.

20. According to the Controller, "once the property vests in the State of California, only the former owner can claim the property." The Controller has therefore adopted the general policy that funds that escheated to the State prior to the filing of a bankruptcy case are never property of the debtor at the time his bankruptcy case is commenced, and therefore not the property of the debtor's bankruptcy estate under 11 U.S.C. section 541. Pursuant to this policy, the Controller has denied and continues to deny claims for escheated property made by bankruptcy trustees, including the Plaintiff.

## CLASS ACTION ALLEGATIONS

21. This class action is alleged under Federal Rule of Civil Procedure 23(b)(1)(A), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7023, in that prosecuting separate actions by bankruptcy trustees against the Controller would create the risk of inconsistent or varying adjudications with respect to individual class members that would result in incompatible standards of conduct by the Controller.

22. This class action is further alleged under Federal Rule of Civil Procedure 23(b)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7023, in that the Controller has acted or refused to act on grounds that apply generally to the class of all

-5-

358709 [XP]    25510

bankruptcy trustees, so that final relief, including without limitation injunctive relief and declaratory relief, is appropriate with respect to the Class as a whole.

23. This class action is further alleged under Federal Rule of Civil Procedure 23(b)(3), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7023, in that questions of law and fact common to the Class members predominate over any questions affecting only individual members, and a class action is superior to other actions available for fairly and efficiently adjudicating the controversy at hand.

24. The class proposed in this action is defined as follows: all bankruptcy trustees who previously filed, could have filed, or will file in the future, claims with the State of California on behalf of the bankruptcy estates of debtors whose property escheated to the State prior to the filing of the bankruptcy petitions commencing their respective bankruptcy cases, and which claims were rejected by the Controller on the grounds that such property is not property of the bankruptcy estates under 11 U.S.C. section 541 and/or that the trustees lack authority to file claims under CCP Section 1540.

25. The Plaintiff is informed and believes, and based thereon alleges, that the approximate size of the proposed class is a few hundred. The proposed class members are located all over the State of California, and potentially outside the State, so that its numbers and geographic locations make their joinder in this action impracticable. Moreover, the amounts of money involved in many claims made by members of the Class are such that it may not be economical for members of the Class to independently challenge the Controller's policy under CCP Section 1541. This proceeding is also brought for the benefit of future class members, who will receive direct benefit as a result of this class action proceeding.

26. The Plaintiff and his counsel will fairly and adequately protect the interests of the proposed Class. The Plaintiff's interests in this action are similar to the interests of the other Class members, in that both the Plaintiff and other Class members seek payment of funds of bankruptcy debtors whose property escheated to the State prior to the filing of the bankruptcy petitions commencing their bankruptcy cases, and which the Controller refuses, has previously refused, or will in the future refuse, to turnover to the Class members. The Plaintiff's counsel is qualified,

-6-

experienced and able to conduct litigation of this class action proceeding. Members of Danning, Gill, Diamond & Kollitz, LLP ("Danning-Gill") have practiced in the bankruptcy courts for many years. Danning-Gill has handled virtually every type of matter that may arise in the context of a bankruptcy case, including numerous cases in which questions arose as to the nature and extent of estate property under 11 U.S.C. section 541. Danning-Gill has been retained as the attorneys for trustees in thousands of different cases. Other lawyers and law firms often refer cases to Danning-Gill because of its reputation as a "bankruptcy firm" with expertise in bankruptcy matters. The Plaintiff believes that Danning-Gill has the resources to provide quality representation to the Plaintiff and the Class.

27. There are also questions of law and fact that are common to the members of the Class. All of the proposed Class members, including the Plaintiff, are bankruptcy trustees who previously filed, could have filed, or in the future will file, claims with the State of California for payment of funds that had escheated or will escheat to the State prior to the filing of the respective bankruptcies in which they were appointed as trustees. The Controller denied all of these claims, based on the general policy that funds escheating to the State prior to the filing of a bankruptcy case are never property of the bankruptcy estate and that the trustees lack authority to file claims under CCP Section 1540, therefore depriving the Class members of the funds.

28. The legal issues to be decided by this adversary proceeding affect all members of the Class; namely this proceeding seeks a determination that a bankruptcy debtor's property that escheated to the State pre-petition is property of the debtor's bankruptcy estate under 11 U.S.C. Section 541, subject to the exclusive control and administration of the bankruptcy trustees.

29. The claims and defenses to be advanced by the Plaintiff in this adversary proceeding are typical of the claims and defenses of the other members of the proposed class. Other than the amount of each individual claim alleged by each Class member, the legal and factual issues alleged by the Plaintiff arise from the same event or course of conduct of the Controller as those arising with regard to the other members of the Class.

30. The Plaintiff contemplates giving notice to all known Class members by sending them a written notice of this adversary proceeding.

358709 [XP]    25510

## FIRST CLAIM FOR RELIEF

### [Turnover of Estate Assets and an Accounting]

### [11 U.S.C. § 543]

31. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

32. Plaintiff is informed and believes, and based thereon alleges, that the Controller holds property belonging to the various members of the Class, including but not limited to at least $10,166.44 (the "DRR Claim Amount") belonging to the Consolidated Bankruptcy Estate, and which escheated to the State prior to the filings of the various bankruptcy cases in which members of the Class are, were, or will be bankruptcy trustees.

33. The funds held by the Controller on behalf of the various bankruptcy debtors, including the DRR Claim Amount, are property of the respective bankruptcy estates of the proposed class members, in that the respective debtors had legal and/or equitable interests in the property as of the respective petition dates.

34. The Class members, including the DRR Trustee, made demands for turnover of the escheated property, including the DRR Claim Amount, pursuant to 11 U.S.C. Section 543.

35. The DRR Trustee is informed and believes, and based thereon alleges, that in response to each of the claims filed by the proposed class members, including with regard to the DRR Claim, the Controller rejected the claims on the grounds that the property in question was not property of the respective bankruptcy estates.

36. Plaintiff is informed and believes, and based thereon alleges, that the Controller is a custodian of the escheated funds in question, with knowledge of the commencement of the bankruptcy cases in which the proposed class members are trustees.

37. By reason of the foregoing, pursuant to section 543 of the Code, Plaintiff, as representative of the proposed Class, may recover the escheated property held by the Controller on behalf of the Class members, including the DRR Trustee, plus interest thereon at the legal rate, from the dates the Controller denied the claims made by Class members. Additionally, the

358709 [XP]    25510

Controller must provide the Plaintiff a full accounting of all property he holds on behalf of the Class.

## SECOND CLAIM FOR RELIEF

### [Turnover of Estate Assets]

### [11 U.S.C. § 542]

38. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 35, inclusive, of this Complaint.

39. The proposed class members made demands for turnover of the escheated property in question, including the DRR Trustee in the amount of the DRR Claim Amount, pursuant to 11 U.S.C. Section 542, or could have made or will make such claims.

40. By reason of the foregoing, pursuant to section 542 of the Code, Plaintiff, as representative of the proposed Class, may recover the escheated property held by the Controller on behalf of the respective Class members, plus interest thereon at the legal rate, from the dates the Controller denied the claims made by Class members.

## THIRD CLAIM FOR RELIEF

### [For Wrongful Denial of Claims]

### [California Code of Civil Procedure § 1540]

41. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 40, inclusive, of this Complaint.

42. The Plaintiff and members of the proposed Class have made or will make in the future pursuant to CCP Section 1540, legitimate claims to escheated property held by the Controller.

43. The escheated property is clearly property of the bankruptcy estates represented by the respective Class members, including the DRR Claim Amount as to the Plaintiff.

44. By reason of the foregoing, pursuant to CCP Section 1540, the Class members, including the DRR Trustee, are entitled to receive the escheated property that is property of their respective bankruptcy cases, including the DRR Claim Amount.

358709 [XP]    25510

## FOURTH CLAIM FOR RELIEF

### [To Avoid And Recover Unjust Enrichment]

45. Plaintiff refers to and by this reference incorporates and alleges herein each and all of the allegations set forth in Paragraphs 1 through 44, inclusive, of this Complaint.

46. Plaintiff is informed and believes, and based thereon alleges, that as a result of the Controller's refusal to repay the escheated property to the respective Class members, including the Plaintiff, the Controller and the State of California have been unjustly enriched, so that the Plaintiff and the other Class members are entitled to recover from the Controller, in sums according to proof, plus interest thereon at the legal rate, from the dates the Controller denied the claims made by Class members.

## FIFTH CLAIM FOR RELIEF

### [For Violation of the Automatic Stay]

### [11 U.S.C. § 362]

47. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

48. The Plaintiff is informed and believes, and based thereon alleges, that the Controller's denial of claims made by the Class members, including the Plaintiff, for return of escheated property to their respective bankruptcy estates are willful violations of the automatic bankruptcy stays in the respective bankruptcy cases, under 11 U.S.C. section 362.

49. By reason of the foregoing, Plaintiff and the other Class members may recover actual damages and sanctions, including costs and attorneys' fees incurred to bring the present proceeding, and seek an injunction against the Controller from future violation of the automatic bankruptcy stays as a result of his enforcement of the policy of denying claims for escheated property filed by bankruptcy trustees.

///
///
///
///

358709 [XP]    25510

## SIXTH CLAIM FOR RELIEF

**[For Declaratory Relief]**

50. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

51. An actual dispute has arisen in that the Class members allege that property escheated to the State prior to a debtor's bankruptcy filing remains property of the estate under Section 541 of the Code, and therefore must be turned over by the Controller to the Class members upon receipt of claims properly filed pursuant to CCP Section 1540. The Controller argues that such property is not property of the respective bankruptcy estates, under Section 541 of the Code, and refuses to turn over the escheated property to its former owners' respective bankruptcy estates.

52. This Complaint for declaratory relief is necessary and appropriate so that members of the Class can get a determination as to whether the escheated property in question is property of their respective bankruptcy estates, and therefore subject to administration by the bankruptcy trustees in their respective cases.

## SEVENTH CLAIM FOR RELIEF

**[For Injunctive Relief]**

53. Plaintiff refers to and by this reference incorporates and alleges herein each and all of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint.

54. Plaintiff is informed and believes, and based thereon alleges, that the Controller continues to deny claims made by bankruptcy trustees for property escheated to the State prior to the filing of their respective bankruptcy cases.

55. Were the Controller allowed to continue denying such claims, there is a likelihood that many members of the proposed class will never be able to recover their estates' property from the Controller, as their bankruptcy cases will be closed and it will no longer be economically feasible for them to administer such assets when ultimately recovered from the Controller.

56. As a result, the Class members' remedies at law are inadequate, necessitating that the Court issue a Temporary Restraining Order, Preliminary Injunction, and a Permanent Injunction

358709 [XP]    25510

1 against the Controller, forbidding him from following the policy of refusing to pay claims made by bankruptcy trustees for property that had escheated to the State prior to their respective bankruptcy filing dates.

57. The balancing of any hardship weighs overwhelmingly in favor of the Class members and the issuance of a preliminary injunction against the Controller.

58. The issuance of injunctive relief against the Controller furthers the public interest of allowing bankruptcy trustees to fulfill their fiduciary duties to marshal assets of the bankruptcy estates, for the benefit of creditors.

59. Accordingly, good cause exists for entry of temporary, preliminary, and permanent injunctive relief to restrain and enjoin the Controller's policy of refusing to pay claims made by bankruptcy trustees for property that has escheated to the State prior to the respective bankruptcy petition dates.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant John Chiang, in his capacity as California State Controller, and in favor of the Plaintiff and the other proposed Class members, as follows:

On the First Claim for Relief:

1. For payment by the Controller of all claims previously filed by members of the proposed Class, including the Plaintiff, which were denied by the Controller based on the Controller's policy of denying claims on the grounds that property that escheated to the State prior to the filing of a bankruptcy case is not property of the debtor's bankruptcy estate, and/or that bankruptcy trustees lack the authority to make claims thereto, and for payment of claims that could have been filed by Class members, plus interest thereon at the legal rate, from the dates the Controller denied the claims made by Class members;

2. For a full accounting of the escheated property held by the Controller on behalf of bankruptcy estates in which the proposed Class members are trustees.

-12-

358709 [XP]    25510

<u>On the Second and Third Claims for Relief:</u>

3. For payment by the Controller of all claims previously filed by members of the proposed Class, including the Plaintiff, and which were denied by the Controller based on the Controller's policy of denying claims on the grounds that property that escheated to the State prior to the filing of a bankruptcy case is not property of the debtor's bankruptcy estate, and/or that bankruptcy trustees lack the authority to make claims thereto, and for payment of claims that could have been filed by Class members;

<u>On the Fourth Claim for Relief:</u>

4. That the proposed Class members, including the Plaintiff, recover the amount of the unjust enrichment received by the Controller and/or the State of California, plus interest thereon at the legal rate, from the dates the Controller denied the claims made by Class members;

<u>On the Fifth Claim for Relief:</u>

5. That the Controller pay the actual damages incurred by the Class members, including the Plaintiff, to bring and litigate this action, including costs and attorneys' fees, plus interest thereon at the legal rate, from the dates the Controller denied the claims made by Class members.

<u>On the Sixth Claim for Relief:</u>

6. Declaring that property that escheated to the State prior to the filing of a bankruptcy case is still property of the debtor's bankruptcy estate, and therefore bankruptcy trustees may file claims on their estates' behalves for payment of property that had previously escheated to the State.

<u>On the Seventh Claim for Relief:</u>

7. That the Controller be restrained and enjoined from refusing to pay claims made by bankruptcy trustees for property that had escheated to the State prior to the respective bankruptcy petition dates;

8. That the Controller be enjoined from arguing that property that has escheated to the State prior to the filing of a bankruptcy case is not property of the estate under Section 541 of the Code, and/or that bankruptcy trustees lack the authority to make claims thereto;

358709 [XP]    25510

<u>As to All Claims for Relief:</u>

9. That the Court determine that this action may be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure and that Plaintiff be certified as a Class Representative and that Danning-Gill be appointed as Class Counsel;

10. For costs of suit incurred;

11. For reasonable attorneys' fees incurred herein based on California Code of Civil Procedure Section 1021.5, and other applicable law or rule; and

12. For such other and further relief as the Court may deed just and proper.

Dated: September ___8___, 2010      DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: /s/ Uzzi O. Raanan
Uzzi O. Raanan
Attorneys for Plaintiffs R. Todd Neilson,
Chapter 7 Trustee and Others Similarly Situated

-14-

358709 [XP]    25510